IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VINCENT L SMITH,

    Petitioner,

v.                                          CASE NO. 1:10-cv-00230-MP -GRJ

UNITED STATES OF AMERICA, and

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF FLORIDA,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner, a federal inmate incarcerated at FCC Coleman, initiated this case by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and is proceeding pursuant to an amended petition. Doc. 5. For the following reasons, the undersigned recommends that the petition be dismissed.

Petitioner's claims stem from his Northern District of Florida jury-trial conviction for conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C §§ 841 and 846. *United States v. Smith*, Case No. 5:00-cr-0021-SPM-AK (N.D. Fla. 2/27/02), Doc. 200 (judgment). Petitioner received an enhanced life sentence under 21 U.S.C § 841(b)(1)(A)(iii) based on prior controlled-substance felony offenses.[1] *See id.;* Doc. 26 (Notice of Enhancement pursuant to 21 U.S.C § 851, setting forth three prior state felony controlled-substance convictions). Petitioner's conviction and sentence

---

[1]Petitioner was also convicted of one count of money laundering, in violation of 18 U.S.C § 1956(a)(1)(B)(I); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C § 922(g)(1).

were affirmed on direct appeal. *Id*., Doc. 244. Petitioner filed a motion to vacate under 28 U.S.C § 2255 on the grounds of ineffective assistance of counsel. *Id*. Doc. 245. The Court denied the motion on the merits. *Id*. Docs. 253, 259. Petitioner did not appeal.

In the instant petition, Petitioner contends that he is entitled to habeas corpus relief because the Court's jury charge did not require that the jury find any of the aggravating factors necessary to trigger enhanced sentencing, nor did the jury's verdict find that he was "actually" guilty of any of the necessary enhancement factors. Doc. 5. Petitioner names as respondents the United States and this Court.

The federal habeas statute provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242. This custodian is "the person with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (habeas statutes "contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.") (internal quotation and citation omitted). Thus, § 2241 petitions may be brought only in the district court for the district in which the inmate is confined. 28 U.S.C. § 2242; *Padilla*, 542 U.S. at 442 (court issuing the writ must have jurisdiction over the custodian); *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir.1991).

Petitioner is in the immediate custody of the Warden of FCC Coleman, within the Middle District of Florida, and therefore Petitioner should have filed his petition in that district, naming the Warden as respondent. Although the Court could transfer the

petition to the Middle District of Florida for further proceedings, as explained below it is clear from the petition that Petitioner is not entitled to habeas corpus relief. Therefore, in the interest of judicial economy, the undersigned recommends that the petition be dismissed for lack of jurisdiction over the proper respondent rather than transferred. *See, e.g., Green v. Warden, USP Lewisburg*, No. CV508-018, 2009 WL 960104 at *4 n.1 (S.D. Ga. Apr. 8, 2009) (declining to re-transfer § 2241 petition from district of conviction back to district of confinement where it was originally filed, because it was clear that petitioner was not entitled to relief and transferee court opted not to "engage in game of judicial 'tag'").

Under the circumstances presented, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, *or that such court denied him relief*[.]" 28 U.S.C § 2255 (emphasis added).

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255(e) which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitations or other bar does not demonstrate that the § 2255 remedy is inadequate or ineffective. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). In *Wofford*, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when:
> 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme

> Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Id*. Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).

Petitioner contends that he is entitled to seek habeas corpus relief from his enhanced sentence under the authority of *Gilbert v. United States*, 609 F.3d 1159 (11th Cir.), *vacated on rehearing en banc*, 625 F.3d 716 (11th Cir. 2010). In *Gilbert*, which is presently pending on *en banc* rehearing, the Eleventh Circuit granted habeas relief to a defendant serving an Armed Career Criminal Act sentence based on a predicate offense of carrying a concealed firearm, in light of authority holding that the offense is not a "violent crime" under the ACCA. *See Begay v. United States*, 553 U.S. 137 (2008); *United States v. Archer*, 531 F.3d 1347 (11th Cir.2008). In this case, Defendant was subject to enhanced sentencing due to prior controlled substance felony offenses. Thus, *Gilbert* is factually inapposite to Defendant's case and regardless of the outcome of *Gilbert* on *en banc* rehearing it would not afford Defendant any basis for habeas corpus relief.

To the extent that Petitioner contends he was sentenced in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that claim was raised and rejected on direct appeal. *See Smith*, Case No. 5:00-cr-002, at 256. Moreover, Petitioner makes no

claim of actual innocence within the meaning of *Wofford*.  *See* Doc. 5.

Because this Court lacks personal jurisdiction over Petitioner's immediate custodian, and it is clear from the amended petition that Petitioner does not satisfy the requirements for proceeding under the § 2255 savings clause, it is respectfully

**RECOMMENDED:**

That the amended petition, Doc. 5, be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** this 4th day of March 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**